In The United States District Court
Southern District of OHIO
Western Division

J. COLE

MAGISTRATE JUDGE GENTRY

Qian Williams,
    Plaintiff

case no. 1:22CV769

v

Complaint with Jury
Demand Declaratur
Judgment

Dale Taylor, Kenneth Baker, Karl P. Kadon
David Theobold, Richard Besnecker, Richard Monahan, Karen L. Litkovitz
Eylse Roddy, Joe Zevcheck; Clyde Bennett, Ebunoluwa A. Taiwo, Charles Vanover
David Zummach, SA Pearson; Judge Michael R. Barrett, Chad Whitford
Stacie Modesitt Schmidt, Jacquir, Bill Gallagher, Douglas R. Wimsatt
SA Stine, Anderson Muse, Judge Curt Kissinger, Laura Kimble, Ken Smith
    Defendants

    This case is about illegal seizure; unreasonable search; of 1416 and 1412 Randomhill Rd; warrantless stop of motor vehicle; arrest without probable cause; arrest without warrant; Government Outrageous Investigative techniques; Prosecutorial Misconduct; Government misconduct; fraud on the Court; forgery; Perjury; Obstruction of Justice official proceedings; Sexual assault; excessive force; habering a fugitive; kidnapping; Aiding & Abetting; Carjacking; Robbery and burglary; Conspiracy to Defraud the Government of extreme Outrageous Misconduct of Federal Agents. Plaintiff brings this suit for violation of his Due Process Clause of the proceedings that lead to his conviction

-1

## Parties And Facts

1. Plaintiff Qian Williams is, and was at all times relevant, a citizen.

2. Defendant's Taylor, Baker, Theabold, Bernecker, Roddy, Zevcheek, Litkovitz, Zummach, Pearson, Jarguir, Modesitt Schmidt, Stine, Muse, Whitford Smith, Vanover was at all times relevant as Task Force Officers of the DEA while on duty under color of authority, committed unlawful acts and committed crimes against plaintiff and against the State of OHIO and against United State of America.

3. Jurisdiction in this Court is proper.

4. Defendants Kadon, Monahan, Bennett, Teuwo, Gallagher, Barrett, Kissinger was at all times relevant as Government Officals while on duty conspired with law enforcement to Defraud the Government under color of authority and abandoned it's dereligtion of duties and Defraud the United State of America of taxe dollars of $1,360,000 from the 34 years from their direct astions.

5. This Court has concurrent, exclusive jurisdiction over the federal claims.

6. The amount in controversy exceeds $15,000 (fifteen thousand dollars)

7. The declaratory Judgment in controversy exceeds $75,000 (seventy five thousand dollars) This court has jurisdiction under 28 U.S.C. 1332

-2-

8. On August 2, 16, 17 Dale Taylor fabricated controlled phone calls and controlled buys from Plaintiff was obstruction of Justice official proceedings

9. On the same dates Dale Taylor alleged his informant Ronald Dungan was his alleged informant Ronald Dungan was actually a fugitive since October 31, 2016 until August 16, 2017 and became a fugitive again on August 28, 2017

10. On August 17, 2017 Plaintiff was arrested without a warrant or a search warrant at the request of Dale Taylor OHIO state troopers stopped Plaintiff without probable cause or a warrant.

11. Plaintiff at that time were taken out of his vehicle at gun point and searched and hand cuffed without probable cause or arrest warrant and place in the back of the police cruiser.

12. Plaintiff vehicle was taken without cause and plaintiff was taken to his 1416 Randomhill Rd property without probable cause.

13. Plaintiff was assaulted by Dale Taylor while in the back of the cruiser and sexually assaulted.

14. Defendant Taylor once at plaintiff 1416 Randomhill Rd use plaintiff keys that were taken from his vehicle and unlocked his front door and searched it without a search warrant or probable cause and planted

-3-

drugs and six firearms that Taylor seized from Ronald Crittenden residence on July 13th 2017 in case no. 2:17-CR-41 Taylor also searched 1412 Randomhill Rd at the same time as 1416 without a search warrant on August 17, 2017

15. Defendant called Kenneth Baker and conspired to fabricate a drug transaction to a Judg of Hamilton County Municiple Court to obtain a alleged search warrant.

16. Defendant Baker then conspired with Curt Kissinger to sign a search warrant after the search was conduct At 11:54 a.m. Curt Kissinger does not have authority to issue county search warrant because he's a traffick Judge with limited jurisdiction. Both warrants were unlawful.

17. The affidavit that defendant Baker present was fabricated see also paragraph 9 were plaintiff was arrest at approximately at 11:16am after the completion.

18. Defendant Taylor two years later on March 11, 2019 testified that he never seen plaintiff leave his residence or get in his vehicle or knew it was him on the phone but only from his alleged CI and on August 17, 2017 his CI was equipped with a listening device and he only could hear the transaction and it took place through the body bug at approximately 12:47 p.m.

-4

19. Defendant Taylor told Baker that they executed the search 1416 house at 11:50 a.m. but the traffick Judge Curt Kissinger allegedly signed it at 11:54 a.m. and Taylor told Baker that they execute the search at 1412 at 12:46 p.m. but Judge Curt Kissinger signed it at 1:55 p.m.

20. Defendants then took Plaintiff down to the DEA residence office and held him for over 8 hours without probable cause or a arrest warrant. Plaintiff was released with seening a magistrate Judge or the traffick Judge who allegedly signed the warrant no charges were filed.

21. Defendants alleged that plaintiff waived his Miranda rights, and gave statements, waived his appearance to see a magistrate, and gave consent to search a phone a flip phone. And he signed and initialed the documents and he was released in hopes to help the agents in the investigation. Defendants forged plaintiff signature on the alleged documents.

22. Defendants stole plaintiff's six cars and his 30,000 worth of jewelry and $189,000 U.S. currency.

23. Defendant Taylor returned plaintiffs vehicles back all six of them the next day but kept the jewelry and money.

24. Defendants Taylor and Baker conspired to have plaintiff indicted and conspired with Pearson to file a fabricated complaint without probable cause to arrest plaintiff on September 28, 2017.

-5-

25. Defendant John Pearson conspired with Magistrate Judge Karen L. Litkovitz to sign the complaint for plaintiffs arrest without probable cause a was based off stale fabricated information.

26. Plaintiff was then arrest on fabricated and stale probable cause on October 5, 2017

27. Defendants perpetuated Fraud on the Court through September 28, 2017 to September 18, 2019

28. Defendants Taylor, Kaden presented perjury and Fraud on the Court at Plaintiffs October 18, 2017 grand Jury hearing.

29. Defendants perpetuated Fraud on the Court knowing that the district court lacked Subject-matter jurisdiction.

30. Defendant Bennett conspired to misguide plaintiff to sign a prospective waiver of his speedy trial, and failed to file motion with the court.

31. Plaintiff on Feburary 12, 2018 requested Bennett to file his motion to suppress the evidence Bennett withdrew from the sham prosecution.

32. Plaintiff was appointed counsel on March 27, 2018 Bill Gallagher, Gallagher then conspired with Defendants to prosecut plaintiff Gallagher filed unprofessional motion which denied plaintiff effective assistance.

-6

33. On August 27, 2018 a suppression of the alleged post arrest statements was held from the illegal arrest on August 17, 2017, because Defendants forged plaintiff signature on the Miranda right waiver, admission of statements, consent to search flip phone, waiver of appearance. Defendant Judge Michael R. Barrett neglected his dereliction of duty when plaintiff's hand writing expert testified that plaintiff's signature was indeed forged.

34. Defendants Taylor, Baker alleged that there was no recording of the alleged interview of plaintiff when he allegedly signed the documents because plaintiff to them not to record him.

35. Defendants alleged that he took notes and wrote them on a peice of paper and then typed them up because somebody taught him that tactic but the notes were lost, Taylor also copied over the MVR tape of the motor vehicle stop

36. Defendant Baker perpetuated Fraud on the Court when present text messages like a ci was texting plaintiff and committed perjury by lieing under oath in front of the Judges Curt Kissinger, Michael R. Barrett

37. Plaintiff was appointed new Counsel on November 13, 2018 after Gallagher was removed for not going to file motion requested by plaintiff on October 24, 2018 Richard Monahan filed a motion to reconsider, insufficient nexus, idenity of the informant, impeachment material on the ci and the officer that were involved, independent lab test, motor vehicle stop.

-7

38. Defendants terminated his alleged informant right after plaintiffs illegal seizure and arrest claiming that was because he was arrested for assault on his wife and the department don't tolerate arrest.

39. Three months later after Plaintiffs August 27, 2018 suppression hearing on November 17, 2018 the alleged informant was found dead in a Motel room on a drug over dose.

40. Defendant gave Plaintiff a name of a dead man when Richard Monahan filed a motion for the informant identity on March 11, 2019 the hearing was held and Defendants Judge Barrett alleged since the informant is dead that his impeachment material was moot.

41. Defendant Judge Barrett conditionally granted Plaintiff a Independant lab test of the alleged drug that was supposedly found in 1411 Randonhill on August 17, 2017 on June 24, 2019 and then denied the motion in his June 28, 2019 order

42. Defendants. presented the evidence from the search of Ronald Cattendens on July 13, 2017 in case no. 2:17-cr-41 at Plaintiffs trial in September 2019 the Defendant allowed the fabricated evidence to be presented and abandone his dereliction of duty.

-8-

## First Cause of Action
## (4th Amendment violation)

43. Plaintiff incorporates by reference the allegation above as if fully restated herein.

44. Defendants maliciously wanton, willfully and overzealous manner violated plaintiffs 4th, 5th, 14th, and 8th Amendment while under color of authority on August 17, 2017

45. Defendants stopped plaintiff without a arrest warrant and illegally search his person and vehicle without probable cause.

46. Defendants move plaintiff from his vehicle and took him without probable cause to his 1416 and 1412 Randomhill Rd on August 17, 2017

47. Defendants unlocked plaintiffs front door to 1416 and 1412 Randomhill Rd residence with the Keys that Taylor took from plaintiffs car Keys and searched the property without a search warrant or probable cause.

48. As a direct and proximate result of Defendants actions and inactions Plaintiff has suffered and will continue to suffer extreme emotional distress from the loss of liberty, and personal security, from unreasonable seizures.

-9

49. Defendants conduct was malicious, extreme, and outrageous misconduct.

50. Defendants acted willfully with specific purpose to infringe on plaintiffs liberty, personal security, and his right from unreasonable searches. Defendants purposely burglarized plaintiffs property while on duty as law enforcement under color of authority is prohibited to search without probable cause or search warrant.

51. Defendants searched plaintiffs car, person, and his residence without probable cause or a search warrant and then fabricated alleged search warrants that still was void on its face, was to perpetuate Fraud on the Court.

52. Defendants acted recklessly in disregard for plaintiffs rights and plaintiff now has suffered the loss of his liberty and property, security as a direct result of Defendant action and suffers extreme emotional distress.

### Second Cause of Action
### (Due Process Clause violation)

53. Plaintiff incorporates by reference the allegation above as if fully restated herein.

54. Defendants outrageous misconduct to alleged that he used a informant that was a fugitive at the time he alleged he used him and then when plaintiff asked for his name plaintiff was given a name of a dead man.

-10-

55. Defendants terminated the alleged informant before plaintiffs grand jury hearing Taylor committed perjury during the grand jury hearing by misleading the grand jurors while on duty under color of authority was prohibited to comit perjury.

56. Defendants Judge Barrett maliciously suppressed the alleged Ronald Dungan CI files on impeachment material which while on duty under his authority hindered plaintiff defense during his pre trial.

57. Defendant Judge Barrett maliciously granted plaintiff a independant lab test and willfuly and wanton denied the motion in his Judgment order which hindered plaintiffs defense.

60. Defendant Judge Barrett maliciously denied the suppression of statement and failed to have a evidentiary hearing in which hindered plaintiff defense and allowed fabricated evidence to be presented at plaintiffs trial.

61. Defendants knew that there was no state case or a informant or any drug buys and the district court lacked any subject-matter jurisdiction to prosecute in which caused plaintiff to suffer the loss of his liberty and extreme and severe emotional distress.

Third Cause of Action
(Obstruction of Justice official proceedings)
(Emotional Distress)

-11

62. Plaintiff incorporates by reference the allegation above as if fully restated herein

63. Defendants actions were wanton and malicious. Dale Taylor, Baker

64. Defendants Taylor and Baker willfully lied to the Court and intentionally perpetuated Fraud on the Court.

65. Defendant Taylor lied that he used an informant to conduct drug transaction.

66. Defendants Taylor, Baker Obstruction of Justice official proceedings by falsefying on the illegal state search warrant alleging the search was executed at 12:46 p.m. but was executed at 11:50 and 12:46 p.m. and lied to the Court that plaintiff was arrested at 11:16 am from a drug transaction.

67. Defendants Taylor, Baker purposelly destroyed the MVR tape of the initial arrest on August 17, 2017 after it was looked at an alleged it was copied over do to his error.

68. Defendant Taylor, Baker intentionally and purposelly forged plaintiff signature, and alleged that they lost the notes that Baker wrote down on August 17, 2017.

69. Defendants had terminated the alleged informant before plaintiff October 18, 2017 indictment

70. Defendants failed to bring the alleged informant in front of the Judge Curt Kissinger.

-12-

71. Defendants Baker and Taylor avoided going to a County Judge or a federal magistrate for a warrant.

72. Defendants Baker, Taylor wanton and willfully lied to the grand jury and in front of a judge.

73. Defendant's conduct had the actual effect of causing plaintiff to suffer severe emotional distress and loss of liberty of their actions.

74. Plaintiff suffered severe emotional distress loss of liberty as a direct result of Defendant's actions

75. Plaintiffs suffere severe emotional distress and loss of liberty and Due Process as a direct result of Defendants actions.

### Fourth Cause of Action
### (Eighth Amendment - Cruel and Unusual Punishment)

76. Plaintiff incorporates by reference the allegation above, as if fully restated herein.

77. Defendant Taylors' actions, alleged herein, constitute that the use of excessive force was against Plaintiff by Defendant.

78. Defendant, as a Boone County Kentucky Deputy Sheriff assigned to the DEA Task Force on duty, under color of his authority as law enforcement officer is prohibited from using excessive force against citizens.

79. Because Plaintiff was a citizen at the time of Defendant unlawful Actions Defendant's use of excessive force, as alleged herein, is a clear and malicious violation of Plaintiff's Eighth Amendment Right to be free from Cruel and Unusual Punishment made applicable to the state through the 5th and Fourteenth Amendment of the U.S. Const.

80. As a direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer actual physical harm and emotional harm.

### Fifth Cause of Action
#### (Fourteenth Amendment Equal Protection of law)

81. Plaintiff incorporates by reference each of the allegations above as if fully restated herein.

82. Defendant's actions, as alleged herein, constitute that the act of sexual assault on plaintiff by Defendant.

83. Defendant as a Task Force Officer on duty under color of law and authority as law enforcement officer is prohibited from sexual assaults on against citizens of the United States.

-14-

84. Because Plaintiff was a citizen at the time of Defendant's unlawful actions, Defendants use of his search tactics amounted to sexual assault, as alleged herein, is a clear and malicious, outrageous violation of the 4th, 5th, 14th Amendment Rights to free of unreasonable searches, Due Process, equal protection of the Constitution

85. As a direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer severe emotional harm.

### Sixth Cause of Action
### (Negligent retention/Supervision)

86. Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

87. Defendants Dale Taylor, Kenneth Baker and his team were assigned as Task Force Officer for the DEA.

88. Upon Information and belief, Defendants, DEA Task Force Supervisor SA Stine knew or should have known that Defendant Dale Taylor and Kenneth Baker should not been placed on the Task Force as the case agent that could falsely accuse somebody like plaintiff of their overzealous, outrageous misconduct acting under color of law.

-15

89. Despite its knowledge of Defendants Dale Taylor and Kenneth Baker's propensities, Defendant DEA negligently retained or failed to provide supervision of Defendant Taylor, and Baker while they executed their duties because Taylor testified that he did not know how OHIO laws work was a failure to train.

90. The failure of the DEA in this regard was the proximate and actual of the harm to Plaintiff, as described above.

91. The failure of the DEA to properly supervise Defendants was wanton and willful and constitutes an act of gross negligence.

## Seventh Cause of Action
### (Compensatory/Punitive Damages)

92. Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

93. Defendant acted with malice, in bad faith and with the specific intention to harm Plaintiff.

94. Plaintiff was actually harmed and suffering sever emotional distress as a direct result of Defendants actions

95. Plaintiff is entitled to compensator, punitive damages for suffering

-16

from Defendants actions

96. Plaintiff has been receiving services from Edgefield FCI Psychology Department as the result of the harm caused by Defendants Dale Taylor Kenneth Baker and the 13 other law enforcement unknown officer that was involved in plaintiff case. Dale Taylor, Kenneth Baker, David Zummach, Trooper Elyse Roddy, Trooper David Theobald, Richard Bernecker, Anderson Muse, Stacie Modesitt Schmidt, Joe Zevecheck, SA Pearson, SA Agent Stine, Jarguir, Chad Whitford, Charles Vanaver, Smith Ken Wherefore Defendants before and on August 17, 2017 committed crimes against the United States under color of law. Dale Taylor and his team names above committed. (1) Fraud on the Court in violation of 18 U.S.C. 1001 (2) Obstruction of Justice official proceedings 18 U.S.C. 1512(c)(2) (3) Sexual assault 18 U.S.C. 2241 (4) Forgery 18 U.S.C. 470 (5) harboring a fugitive 18 U.S.C. 1071 (6) Kidnapping 18 U.S.C. 1201 (7) Robbery and burglary 18 U.S.C. 2111 (8) Car Jacking 18 U.S.C. 1951 (9) aiding + abetting 18 U.S.C. 2. Conspiracy 18 U.S.C. 371 Therefore Plaintiff Qian Williams demands declaratory judgment against Dale Taylor and Kenneth Baker, and demands judgment against named Defendants in the amount in compensatory damages $10.5 million and $20.5 million in punitive damages and $7.5 million for emotional distress in excess of $38.5 million jointly and severally from all named defendants. Respectfully Submitted,

x _Qian Williams_  Signed on this date
Qian Williams 77102061
Edgefield FCI  X 12-19-22
P.O. BOX 725
Edgefield SC. 29824  Plaintiff demands a trial by jury on all issues presented herein

−17

Edgefield Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

Legal Mail (complaint)

12-22-22

OFFICE OF THE
CLERK
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO
100 EAST FIFTH STREET ROOM 103
CINCINNATI, OHIO 45202