**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| QIAN WILLIAMS, | : | Case No. 1:22-cv-769 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| DALE TAYLOR, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding without the assistance of counsel, has submitted a complaint to the Court seeking declaratory judgment and monetary damages.[1]  (Doc. 1).  The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

Plaintiff has not paid the filing fees required to commence this civil action.  He has instead filed an Application to proceed *in forma pauperis* and without prepaying the filing fees, supported by an Affidavit, a certified inmate trust fund account statement, and other documents. (Doc. 3).  For the following reasons, the undersigned **RECOMMENDS** that the Application be **DENIED** and that Plaintiff be ordered to pay the fees to commence this action in full within thirty days.

---

[1] Plaintiff has recently filed four civil actions in this Court:
    *Qian Williams v. Drug Enforcement Administration*, Case No. 1:22-cv-613.
    *Qian Williams v. Drug Enforcement Administration*, Case No. 1:22-cv-696.
    *Qian Williams v. Dale Taylor, et al.*, Case No. 1:22-cv-769 (this case).
    *Qian Williams v. Dale Taylor, et al.*, Case No. 1:23-cv-2.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid prepayment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339.  The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*.  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*.  Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc*. Sec., No. 14-cv-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec*., 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Plaintiff argues that he satisfies these standards.  (Doc. 3, PageID 28-31).  But Plaintiff's Application does not demonstrate his inability to pay the filing fees.  It reflects that as of January 5, 2023, he had $3,658.69 on account to his credit at the prison where he is incarcerated.  (*See* Doc. 3, PageID 27, 33).  His average monthly balance for the previous six months was $3,700.00.  (*Id*., PageID 27).  Plaintiff also has income from the prison of $42.63 per month, and he reports gifts from family and friends in the last twelve months of $1,165.75, although he does not expect to receive further funds and these amounts appear to be reflected in his overall account balance.  (*Id*., PageID 24-25).  The undersigned finds that Plaintiff has not demonstrated

that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.

The undersigned notes that this Court recently denied Plaintiff's request to proceed *in forma pauperis* in a separate case. *See Qian Williams v. Drug Enforcement Administration*, S.D. Ohio Case No. 1:22-cv-696. This Court denied his application because he had sufficient funds available to pay the filing fees:

> Plaintiff argues that he relies on the savings he has managed to accrue to sustain him for the rest of his lengthy prison sentence. However, the fact remains that Plaintiff currently possesses funds well in excess of the filing fee. Moreover, since he is currently incarcerated, the majority of his necessities of life will be provided for him. As a result, the Court finds that he is able to pay the filing fee in this case.

(*See* January 12, 2023 Order Adopting Report and Recommendation, Doc. 8 in Case No. 1:22-cv-696). Plaintiff's arguments here (*see* Doc. 3, PageID 29-31) should be treated similarly.

The undersigned also notes that, as a prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). A prisoner's ability to proceed *in forma pauperis* is further limited by the so-called "three-strikes" provision of the PLRA. This provision bars a prisoner from proceeding *in forma pauperis* where the prisoner has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It does not appear, at this time, that Plaintiff has accumulated three "strikes." (*See* Doc. 3, PageID 26).

It does appear that each of Plaintiff's recent cases may be subject to an initial screening to determine if the claims therein are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," once Plaintiff pays the filing fees or is permitted to proceed *in forma*

3

*pauperis* in those cases. Under 28 U.S.C. § 1915(g), three such dismissals may prevent Plaintiff from proceeding *in forma pauperis* in the future.

For the reasons discussed above, the undersigned **RECOMMENDS** that this Court **DENY** Plaintiff's Application to proceed *in forma pauperis* (Doc. 3) and order Plaintiff to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days. The undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of an Order adopting this Report and Recommendations would not be taken in good faith.

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a

waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 25, 2023 _____     _/s/ Caroline H. Gentry_____
                            Caroline H. Gentry
                            UNITED STATES MAGISTRATE JUDGE