UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QIAN WILLIAMS,

      Plaintiff,

v.

DALE TAYLOR, et al.,

      Defendants.

Case No. 1:22-cv-769
JUDGE DOUGLAS R. COLE
Magistrate Judge Gentry

## ORDER

Qian Williams, a federal prisoner proceeding pro se, seeks in forma pauperis status to file a complaint. In her Report and Recommendation (Doc. 6), the Magistrate Judge concluded that Williams should not be allowed to proceed in forma pauperis. Especially as Williams has declined to object, the Court agrees. So the Court **ADOPTS** the R&R (Doc. 6) and thus **DENIES** William's motion for leave to proceed in forma pauperis (Doc. 3). If Williams wishes to proceed, he must pay a filing fee of $402. And the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

Williams moves to proceed in forma pauperis against several government officials, who he says violated his Due Process rights, which he thinks got him convicted. (Compl., Doc. 1, #1).

The Magistrate Judge reviewed the motion. She noted that:

- As of January of this year, Williams had $3,658.69 in his prison credit account.
- His average balance for the past six months had been $3,700.

- That balance appears to include a gift of $1,165.75 from family and friends, which he does not expect to get again.
- He has a prison income of $42.63 per month.
- This Court denied him in forma pauperis status once before, in *Qian Williams v. Drug Enforcement Admin.*, No. 1:22-cv-696 (S.D. Ohio Jan. 12, 2023).

(Doc. 6, #44–45). The Magistrate Judge said that Williams "has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself." (*Id.*). So she recommended that the Court deny Williams's motion, grant him thirty days from that denial to pay his filing fee, terminate the matter on its docket if he fails to pay that fee in time, and certify pursuant to 28 U.S.C. § 1915(a)(3) that no appeal of this order could be taken in good faith. (*Id.* at #46).

The Magistrate Judge also advised Williams that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.*); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for objections has passed, with no word from Williams.

Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). There is no such error here.

2

To proceed in forma pauperis, plaintiffs need not promise to give "the last dollar they have or can get" to the point that they "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948). Instead, a plaintiff must merely show that he is unable to, "because of his poverty, pay or give security for the [filing] costs and still be able to provide himself and dependants with the necessities of life." *Id.* (cleaned up). To assess this, courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses." *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017).

As the Magistrate Judge noted, and the Court held previously, Williams's income may not be that high, but his savings exceed the filing fee by quite a bit. (Doc. 6, #45 (citing *Williams v. DEA*, No. 1:22-cv-696)). The $402 filing fee represents just under eleven percent of his typical monthly balance. Moreover, as the Court previously observed, "since he is currently incarcerated, the majority of his necessities of life will be provided for him." (*Id.*). And he has not claimed to have any dependents. Facing these facts, the Court cannot see any clear error, or indeed any error at all, in the recommendation to deny his request for in forma pauperis status.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the R&R. (Doc. 6) and thus **DENIES** Williams's motion for leave to proceed in forma pauperis (Doc. 3). The Court further **GRANTS** Williams an extension of time of thirty days from the date of this

3

Order to pay the required filing fee of $402. But the Court **NOTIFIES** Williams that his Complaint will not be deemed filed until the appropriate filing fee is paid. The Court advises Williams that failure to pay the filing fee within the thirty days specified in this Order (by July 26, 2023) will cause the Court to close this matter on its docket. Finally, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

    **SO ORDERED.**

June 26, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**