UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| QIAN WILLIAMS, | : | Case No. 1:22-cv-769 |
| | : | |
| Plaintiff, | : | Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| DALE TAYLOR, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Qian Williams, a federal prisoner who is proceeding without the assistance of counsel, filed this civil rights case. He sues twenty-five individuals who allegedly played a role in the circumstances that led to his federal criminal conviction. (ECF No. 1, PageID 1).

The matter is before the Court for an initial screening of the Complaint as required by 28 U.S.C. § 1915A. For the reasons that follow, the undersigned United States Magistrate Judge **RECOMMENDS** that this Court **DISMISS** the Complaint in its entirety.

I.  **LEGAL STANDARD**

Because Williams is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen his Complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint will be dismissed as frivolous if the plaintiff has not asserted any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal*

basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true any factual allegations that are "fantastic or delusional" when reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint will also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b)(1). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting

2

all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.  PARTIES AND BACKGROUND

Plaintiff Williams is serving a sentence imposed by this Court in March 2020. *U.S. v. Williams,* S.D. Ohio No. 1:17-cr-117 (hereinafter "the Criminal Case"), ECF No. 134. Some discussion of the Criminal Case is necessary to explain the claims that Williams raises here.

In 2021, the United States Court of Appeals for the Sixth Circuit summarized the facts underlying the Criminal Case as follows:

> On August 17, 2017, a DEA Agent in a federal-state-local task force applied to a Hamilton County (Ohio) Municipal Court for a search warrant for two neighboring residential houses: 1412 Randomhill Road and 1416 Randomhill Road. The affidavit described the task force's evidence, including multiple large-scale controlled drug buys, that showed probable cause to believe that Qian Williams was a mid- to upper-level dealer of heroin and cocaine, using those houses. The court issued the warrant, and the task force executed the search and seized additional evidence.
>
> On October 5, 2017, the task force obtained another warrant for the 1416 property, executed that warrant, and arrested Williams when he fled the rear of the property carrying drugs. The federal grand jury indicted Williams on eight counts related to heroin, cocaine, and guns.
>
> On July 17, 2018, Williams moved to dismiss the indictment, claiming the warrants were invalid because "[f]ederal agents have no authority to execute a warrant issued by a Hamilton County judge." Following an evidentiary hearing on August 27, 2018, the court denied the motion, explaining that the warrant was obtained and executed by the federal-state-local task force which may lawfully execute a state-court-issued search warrant.
>
> Williams moved the court to reconsider, arguing that the DEA Agent violated Federal Criminal Rule 41(b)(1), which allows a state court to issue a warrant to a federal agent when a federal magistrate judge is unavailable. Williams argued that, because the federal agent did not show that a federal magistrate judge was not "reasonably available" to issue the warrant, the state warrant was invalid. The court denied the motion, holding that a joint federal-state task force can use a state-court-issued search warrant based on a state-law crime. *See United States v. Rich*, 2017 WL 4707486, at *8 (E.D. Mich. Oct. 20, 2017); *United States v. Duval*, 742 F.3d 246, 254 (6th Cir. 2014); *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999). . . .

> From September 11 to 18, 2019, the Government tried the case to a jury, which convicted Williams on all eight counts. The court sentenced Williams to 420 months in prison.

*U.S. v. Williams*, No. 20-3310, 2021 WL 3079698, at *1 (6th Cir. July 21, 2021) (affirming this Court's decisions in the Criminal Case), *cert. denied,* 142 S. Ct. 818 (2022).

Williams was initially arrested on August 17, 2017, released after agreeing to cooperate with law enforcement, and then re-arrested on October 5, 2017. This Court described the circumstances surrounding Williams' two arrests as follows:

> Agent Taylor testified that, upon Defendant's arrest on August 17, 2017, Defendant was interested in cooperating with law enforcement, i.e., providing law enforcement with his source of supply. Defendant accepted law enforcement's offer of cooperation, and was released. However, Agent Baker testified that, after Defendant's release, Defendant was caught in numerous lies, would refuse to meet with agents, and would even have other individuals call agents pretending to be Williams.
>
> On September 28, 2017, a federal magistrate judge signed an arrest warrant for Qian Williams.
>
> On October 5, 2017, agents used the fruits of the August 17, 2017 search to seek warrants for the 1416 property. In addition to many of the facts cited in the affidavit in support of the August 17, 2017 warrant, the affidavits in support of the October 5, 2017 warrants listed the quantities of cocaine and heroin (suspected), paraphernalia, firearms, and currency ($84,795) that had been located at the 1412 property. Ultimately, a municipal judge signed the warrants for the 1416 property, which was subsequently searched. On October 5, 2017, Williams was taken into custody. Specifically, he was taken into custody after emerging from the rear of the 1416 residence, attempting to evade detection, with suspected drugs on his person.

*U.S. v. Williams*, No. 1:17-cr-117, 2018 WL 4856536, at *2 (S.D. Ohio Oct. 5, 2018).

In April 2022, Williams filed a motion in the Criminal Case to vacate his sentence under 28 U.S.C. § 2255. ("2255 Motion," Criminal Case, ECF No. 180). In the Criminal Case, he has subsequently filed over one hundred and sixty motions or other documents directed either to the 2255 Motion, which remains pending, or to his conviction.

4

Williams also filed four civil actions in this Court that are related to the Criminal Case. The first case was dismissed for failure to prosecute. *Williams v. DEA*, S.D. Ohio No. 1:22-cv-613, ECF No. 9. The second case, which was brought under the Freedom of Information Act (FOIA), is proceeding at this time. *Williams v. DEA*, S.D. Ohio No. 1:22-cv-696, ECF No. 16. The third case—which is the instant case—is before the Court for an initial screen after Williams paid the filing fee in August 2023. *Williams v. Taylor*, S.D. Ohio No. 1:22-cv-769, ECF No. 12. The fourth case was dismissed for failure to prosecute. *Williams v. Taylor*, S.D. Ohio No. 1:23-cv-2, ECF No. 8. The Court may take judicial notice of the court records in these cases (and others) that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

In this case, Williams challenges the legality of his first arrest (and the accompanying searches) on August 17, 2017. (Complaint, ECF No. 1, ¶¶ 10, 14, 44, 46, 67, 96). Williams' handwritten pro se Complaint names twenty-five defendants but primarily challenges the actions of Dale Taylor and Kenneth Baker, who Williams refers to as Task Force Officers of the DEA. (*Id.*, PageID 1-8, ¶¶ 8-42). In addition to Taylor and Baker, Williams has sued thirteen other law enforcement agents or officers who were allegedly part of the DEA Task Force. (Complaint, PageID 1 and ¶¶ 2, 88, 96.) Williams has also sued two Assistant United States Attorneys (Karl Kadon and Ebunoluwa Taiwo), three defense attorneys (Richard Monahan, Clyde Bennett and Bill Gallagher), former Judge Curt Kissinger of the Hamilton County Municipal Court, United States District Judge Michael R. Barrett, United States Magistrate Judge Karen L. Litkovitz, and two unknown persons (Douglas Wimsatt and Laura Kimble). (*Id.*)

### III. PLAINTIFF'S CLAIMS

Williams describes this case as follows:

5

> This case is about illegal seizure; unreasonable search; of 1416 and 1412 Randomhill Rd; warrantless stop of motor vehicle; arrest without probable cause; arrest without warrant; Government Outrageous Investigative techniques; Prosecutorial Misconduct; Government misconduct; fraud on the Court; forgery; Perjury; Obstruction of Justice official proceedings; sexual assault; excessive force; harboring a fugitive; kidnapping; aiding + abetting; carjacking; Robbery and burglary; Conspiracy to Defraud the Government of extreme Outrageous Misconduct of Federal Agents. Plaintiff brings this suit for violation of this Due Process Clause of the proceedings that lead to his conviction[.]

(Complaint, PageID 1). Williams asserts seven claims in the Complaint.

In Count One, Williams alleges that Defendants violated his rights under the Fourth Amendment to the United States Constitution before, during, and after his arrest in August 2017. (Complaint, PageID 9-10, ¶¶ 43-52). This claim is asserted against Taylor, Baker, and Municipal Judge Kissinger (*id*.; *see also* ¶¶ 8-21), and may also be asserted against other law enforcement Defendants. Count One challenges the legality of the stop of Williams, the search of his person, vehicle, and two residential properties, and the search warrant(s). (*Id*., PageID 9-10, ¶¶ 43-52).

In Count Two, Williams asserts a claim for a "Due Process Clause violation" against Taylor and District Judge Barrett. (Complaint, PageID 10-11, ¶¶ 53-61; *see also* ¶¶ 9, 18, 38-40)). Williams challenges Defendants' use of an informant, Ronald Dungan, who was a fugitive. (*Id*.) Williams also alleges that Defendants maliciously suppressed impeachment material because the informant died, which hindered his defense before and at his trial. (*Id*.).

In Count Three, Williams asserts a claim for "Obstruction of Justice" against Taylor and Baker. (Complaint, PageID 11-13, ¶¶ 62-75). He alleges that these Defendants lied to the grand jury and a judge about an informant and when a search warrant was executed. (*Id*., ¶¶ 64-66). He also alleges that these Defendants destroyed a tape, forged Williams' signature, lied about losing notes, terminated the informant before Williams' indictment, and failed to bring the informant before Judge Kissinger. (*Id*., ¶¶ 67-70).

In Count Four, Williams alleges that Taylor used excessive force against him after his arrest in violation of the Eighth Amendment to the United States Constitution. (Complaint, PageID 13-14, ¶¶ 76-80; *see also* ¶ 13 ("Plaintiff was assaulted . . . while in the back of the cruiser and sexually assaulted.")).

In Count Five, Williams alleges that Taylor's alleged sexual assault (or, rather, "his search tactics [that] amounted to sexual assault") violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Complaint, PageID 14-15, ¶¶ 81-85; *see also* ¶ 13).

In Count Six, Williams asserts a claim for negligent retention and/or supervision against Special Agent Stine, who allegedly served as the DEA Task Force Supervisor. (Complaint, PageID 15-16, ¶¶ 86-91). Williams alleges that Stine knew or should have known that Taylor and Baker should not have been placed on the Task Force because they could falsely accuse someone like Williams.[1] (*Id.*, ¶ 88).

In Count Seven, Williams alleges that Taylor, Baker, and other Defendants committed several federal crimes: (1) fraud on the Court (18 U.S.C. § 1001); (2) obstruction of justice (18 U.S.C. § 1512(c)(2)); (3) sexual assault (18 U.S.C. § 2241); (4) forgery (18 U.S.C. § 470); (5) harboring a fugitive (18 U.S.C. § 1071); (6) kidnapping (18 U.S.C. § 1201); (7) robbery and burglary (18 U.S.C. § 2111); (8) carjacking (18 U.S.C. § 1951); (9) aiding and abetting (18 U.S.C. § 2); and (10) conspiracy (18 U.S.C. § 371). (Complaint, PageID 16-17, ¶¶ 92-96). Williams seeks a declaratory judgment against Taylor and Baker and an award of $38.5 million in compensatory and punitive damages against all Defendants. (*Id.*, PageID 17).

---

[1] In Count Six, Williams includes allegations against the DEA itself. (Complaint, PageID 16, ¶¶ 89-91). Because the DEA is not a named defendant in this case, the allegations against it require no further discussion.

IV. **ANALYSIS**

The undersigned has screened Williams' Complaint as required by law. For the reasons set forth below, the undersigned RECOMMENDS that all claims asserted in the Complaint be DISMISSED WITH PREJUDICE.

A. **Applicable Law**

After a criminal conviction, prisoners often seek relief by filing a habeas corpus action or a civil rights action in federal court. The line between these actions is not always clear, but some rules are well-settled. Claims that challenge a conviction or seek immediate or speedier release from custody can only be asserted in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Prisoners with federal convictions, such as Williams, may seek habeas corpus relief under 28 U.S.C. § 2255.

Conversely, a prisoner who is challenging violations of his civil rights may file a lawsuit based upon 42 U.S.C. § 1983 or a so-called *Bivens* action, depending on whether the defendant is a state or federal official. Section 1983 "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). If, however, the defendant is a federal official, then the prisoner must sue under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which applies to certain federal officials or employees. *See Vector Rsch., Inc. v. Howard & Howard Att'ys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996) (citing *Bivens*). To succeed on either type of civil rights claim, a plaintiff must prove: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

There are important limitations to *Bivens* claims against federal officials. Unlike civil rights claims under Section 1983, which may be asserted against state officials in both their individual and their official capacities, a "*Bivens* claims must be asserted against individual federal officials in their individual capacities." *LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001)). "[C]ourts lack jurisdiction to hear *Bivens* claims against the Federal Government, federal agencies, or federal officials in their official capacities." *LeVay*, 598 F. Supp.3d at 663 (citations omitted).

More significantly, the United States Supreme Court has recognized only three types of *Bivens* claims: a claim under the Fourth Amendment for unreasonable search and seizure; a claim under the Due Process Clause of the Fifth Amendment for sex discrimination; and a federal prisoner's claim under the Eighth Amendment for inadequate medical care in prison. *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022). "There is a 'firm presumption' against implying any other new cause of action under *Bivens*." *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022) (quoting *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020)).

In his Complaint, Williams does not indicate whether he filed this lawsuit under Section 1983, *Bivens*, or both. Nor has Williams articulated whether each Defendant is alleged to be a state or federal actor, or whether each is sued in his or her official or individual capacity. Thus, the undersigned will construe the Complaint as asserting all of these possible theories.

**B.  To The Extent Williams Seeks To Dismiss His Criminal Conviction, His Sole Remedy Is Through Habeas Corpus Proceedings Under 28 U.S.C. § 2255.**

"Courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (cleaned

9

up); *see also Preiser,* 411 U.S. at 500. Here, Williams alleges that violations of the constitutional rights described in the Complaint led to his convictions and loss of personal liberty. (Complaint, PageID 1, 9, 10, 11, 13). The undersigned notes that to the extent that Williams' request for a declaratory judgment constitutes a direct challenge to his conviction or a request for release, such a request is improper in this civil rights case.

> **C.  To The Extent That Success On Any Of His Claims Would Necessarily Imply The Invalidity Of Williams' Convictions, Those Claims Are Barred.**

Because a prisoner must challenge his conviction in a habeas corpus action, he cannot obtain relief in a civil rights action that would necessarily imply the invalidity of his conviction, unless the conviction has already been invalidated. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This bar, sometimes referred to as the *Heck* bar or *Heck* doctrine, applies regardless of whether the civil rights action is filed under *Bivens* or Section 1983. *Robinson v. Jones*, 142 F.3d 905, 905-907 (6th Cir. 1998).

In this case, the *Heck* doctrine prohibits Williams from asserting claims that, if successful, would necessarily imply the invalidity of his criminal convictions (which have not been invalidated). Accordingly, the undersigned recommends that Williams' claims asserting violations of the Fourth Amendment (Count One), violations of due process (Count Two), obstruction of justice (Count Three), negligent retention and/or supervision (Count Six), and an assortment of federal crimes (Count Seven) be dismissed.

**D. All Claims Are Barred By The Applicable Statutes Of Limitations.**

Williams is deemed to have filed this lawsuit on December 19, 2022, which is the date when he signed the Complaint. (ECF No. 1, PageID 17); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The factual allegations that underlie Williams' claims occurred between the date of his first arrest on August 17, 2017 and the date of his criminal convictions on September 18, 2019. (Complaint, PageID 3, ¶¶ 10 & 27). Therefore, Williams filed this lawsuit more than two years after the claims asserted in the Complaint accrued.

It is well-settled that the two-year statute of limitations set forth in Ohio Revised Code Section 2305.10 applies to civil rights claims brought under *Bivens* and Section 1983. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (Section 1983); *Kanna v. Shinseki*, No. 2:11-cv-4, 2012 WL 1123362, at *2 (S.D. Ohio Apr. 3, 2012) (*Bivens*). Here, Williams commenced this lawsuit after the applicable two-year statute of limitations had expired. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Accordingly, the undersigned recommends that all of Williams' claims be dismissed with prejudice because they are time-barred.

**E. Because The Judicial Defendants Have Absolutely Immunity, All Claims Against Them Must Be Dismissed.**

In the Complaint, Williams challenges Municipal Judge Kissinger's act of signing one or more search warrants. (Complaint, ¶¶ 16, 19). He challenges Magistrate Judge Litkovitz's act of signing a criminal complaint and arrest warrant. (*Id.*, ¶ 25). And he challenges District Judge Barrett's decisions with respect to a handwriting issue (*id.*, ¶ 35), an impeachment issue (*id.*, ¶ 40), a lab test issue (*id.*, ¶ 41), an informant issue (*id.*, ¶¶ 40, 56), a suppression issue (*id.*, ¶ 60), and evidentiary issues (*id.*, ¶¶ 42, 59).

All of Williams' claims that are based upon these judicial actions must be dismissed under the doctrine of judicial immunity. "It is well established that judges are entitled to absolute

11

judicial immunity from suits for money damages for *all actions taken in the judge's judicial capacity*, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)) (emphasis added). Judicial immunity applies if the judge had jurisdiction over the matter before him, even if the judge made an error, acted maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

Although Williams alleges that these Defendants did not have jurisdiction, his arguments are not well-taken. He first claims that Municipal Judge Kissinger "does not have authority to issue county search warrant because he's a traffick [sic] judge with limited jurisdiction." (Complaint, ¶ 16). But as a municipal county judge, Judge Kissinger's broad authority included the handling of misdemeanor and felony criminal cases. Ohio Rev. Code § 1901.20(A)(1) & (B). Thus, he had the authority to sign search warrants. Moreover, even if Judge Kissinger had exceeded his authority (and he did not), he would still have absolutely immunity because he had jurisdiction over all criminal proceedings in municipal court. *Stump*, 435 U.S. at 356.

With respect to Magistrate Judge Litkovitz and District Judge Barrett, Williams vaguely asserts that "the district court lacked any Subject-matter Jurisdiction to prosecute." (Complaint, ¶ 61; *see also* ¶ 29). This Court has already rejected Williams' assertion. When the Government prosecutes a federal criminal offense, it must do so "in a district where the offense was committed." Fed. R. Crim. P. 18; *U.S. v. O'Donnell*, 510 F.2d 1190, 1192 (6th Cir. 1975). As this Court held in the Criminal Case, Williams "was charged with violating federal law in the Southern District of Ohio; therefore, venue and jurisdiction are proper." *U.S. v. Williams*, No.

12

1:17-cr-117, 2018 WL 4856536, at *8 (S.D. Ohio Oct. 5, 2018), aff'd No. 20-3310, 2021 WL 3079698 (6th Cir. July 21, 2021).

Accordingly, because they have absolute judicial immunity, all claims against Municipal Judge Kissinger, Magistrate Judge Litkovitz, and District Judge Barrett must be dismissed.

**F. Because Assistant United States Attorney Kadon Has Absolutely Immunity, All Claims Against Him Must Be Dismissed.**

Williams sued two Assistant United States Attorneys (AUSAs) who were involved in the Criminal Case. However, the undersigned only located a single factual allegation against AUSA Kadon regarding the presentation of evidence to the grand jury. (Complaint, PageID 6, ¶ 28). Williams apparently has made no factual allegations against AUSA Taiwo.

Like judges, prosecutors are "absolutely immune from liability" for actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted). For example, "[a] *Bivens* (or Section 1983) action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute." *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006). Notably, prosecutorial immunity "extends to the knowing use of false testimony before the grand jury and at trial." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (quoting *Burns v. Reed*, 500 U.S. 478, 485 (1991)); *accord Spurlock v. Thompson,* 330 F.3d 791, 797 (6th Cir. 2003).

Here, Kadon has absolute prosecutorial immunity for all claims that are based upon the alleged use of false testimony before the grand jury. *Koubriti*, 593 F.3d at 467. Because the sole allegation against Kadon relates to such alleged conduct, Kadon has absolute immunity and all claims against him must be dismissed.

### G. Because Williams' Defense Attorneys Did Not Act Under Color Of Law, All Claims Against Them Must Be Dismissed.

Williams has sued three defense attorneys who represented him in the Criminal Case (namely, Richard Monahan, Clyde Bennett, and Bill Gallagher). (Complaint, PageID 1). However, a civil rights lawsuit brought under Section 1983 or *Bivens* is only cognizable against defendants who acted under color of law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (Section 1983); *Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005) (*Bivens*). In other words, a private individual cannot be named as a defendant in this civil rights lawsuit.

Here, Williams' defense attorneys were private individuals who did not act under color of law when they represented him. "Federal courts have uniformly held that a criminal defense attorney is not acting under color of law in either state or federal court, whether appointed or retained." *Welch v. Dobias*, No. 2:17-cv-38, 2017 WL 1905869, at *2-3 (W.D. Mich. May 10, 2017) (collecting cases); *accord Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) ("the claims against [appointed counsel] were properly dismissed because an attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action.").

Accordingly, because defense attorneys Monahan, Bennett and Gallagher did not act under color of law, all of Williams' claims against them must be dismissed.

### H. Because There Are No Factual Allegations Against Fourteen Named Defendants, All Claims Against Them Must Be Dismissed.

As a civil rights plaintiff, Williams was required to allege facts in the Complaint that describe how each Defendant violated his rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) ("The Sixth Circuit 'has consistently held that damage

14

claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Therefore, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

The undersigned concludes that Williams did not include any factual allegations in the Complaint with respect to alleged misconduct by the following named Defendants: Richard Bernecker, Jarguir, Laura Kimble, Anderson Muse, Elyse Roddy, Stacie Modesitt Schmidt, Ken Smith, Ebunoluwa A. Taiwo, David Theobold, Charles Vanover, Chad Whitford, Douglas Wimsatt, Joe Zevcheck, and David Zummach. Because Williams failed to state a claim against these Defendants upon which relief can be granted, all claims against them should be dismissed.

**V.     CONCLUSION**

For these reasons, and in particular because all of Williams' claims are time-barred, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** all claims in the Complaint **WITH PREJUDICE**.

If Williams elects to file objections to this Report and Recommendation in accordance with the Notice below, he must file **A SINGLE DOCUMENT** that contains all of his objections. Any additional filings will only be considered with the Court's permission and upon a showing of exceptional circumstances.

**IT IS SO RECOMMENDED.**

April 24, 2024 /s/ *Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).